# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 07 CR 522 |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| MILENKO ILIC. | ) | |

## MEMORANDUM AND ORDER

Defendant Milenko Ilic is a citizen of Bosnia-Herzegovina. He is charged with one count of making a false statement on an Immigration and Naturalization questionnaire. *See* 18 U.S.C. § 1546(a). Specifically, when asked to list "any foreign military service," he responded "N/A." In fact, Ilic had served in the Bosnian Serb army.

He has filed three motions to dismiss all based upon the same theory—the phrase "any foreign military service" is fundamentally ambiguous and, in any event, Ilic's response was truthful. In support, Ilic argues that his response "N/A" was truthful because, as a member of the Bosnian Serb army, he was serving his own country, Bosnia-Herzegovina, not a "foreign" country. Ilic argues that the questionnaire's use of the word "foreign" is fundamentally ambiguous because when used by the INS it refers to any country other than the United States, but when used by an immigrant it refers to any country other than the immigrant's homeland.

A defendant may not be held criminally liable based upon his responses to a question that is fundamentally ambiguous. *See United States v. Yasak*, 884 F.2d 996, 1002-03 (7th Cir. 1989) (discussing fundamental ambiguity in the context of perjury). Whether a question is fundamentally ambiguous is for a jury to determine, unless the district court is "convinced that the context in which the questions were asked rendered them incapable of reasonable comprehension." *United States v. Caputo*, 288 F. Supp. 2d 912, 922 (N.D. Ill. 2003).

The court has carefully reviewed the entirety of the questionnaire at issue, INS Form I-485, a form completed by applicants seeking to become permanent residents of the United States. *See* Exhibit A to each of Ilic's motions to dismiss. Based upon its review, the court cannot say that the phrase "any foreign military service" is incapable of reasonable comprehension. Given the context, an applicant could conclude that the INS would be interested in *all* of an applicant's activities outside of the United States, especially service in an army associated with genocide. *See Vujisic v. INS*, 224 F.3d 578, 581 (7th Cir. 2000) ("The international community, including the United States, severely condemned the Serbian military actions in the Balkan republics and the strategy of genocide that went with it.")

This is not to say that Ilic's interpretation—that the INS wanted to know only about military service that was foreign to him (i.e., a military other than Bosnia-Herzegovina's)—was unreasonable. Whether it was reasonable, like the ultimate question of whether Ilic knowingly and willfully made a false statement, is for the jury to determine. *See Caputo*, 288 F. Supp. 2d at 922 ("The jury, as fact-finder, determines whether a question is ambiguous . . . .").

Accordingly, the motions to dismiss, [17-1], [18-1], and [19-1], are denied.

ENTER:

DATE: January 23, 2008

                                                Blanche M. Manning
                                                United States District Judge